IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

| | |
|---|---|
| **FLOYD LEWIS MILLER,** )<br>)<br>**Movant,** )<br>)<br>v. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>**Respondent.** ) | **Civil Action No. 3:14-11818**<br>**Criminal Action No. 3:11-00164** |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] (Document No. 134.) By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 135.) By Order entered on January 6, 2016, the above case was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 149.)

## FACTUAL BACKGROUND

On April 9, 2012, Movant pled guilty to one count of Conspiracy to Distribute a Quantity of Oxycodone in violation of 21 U.S.C. § 846 (Count One). (Criminal Action No. 3:11-00164, Document Nos. 92, 94 - 95.) A Presentence Investigation Report was prepared. (Id., Document No. 110.) The District Court determined that Movant had a Base Offense Level of 32, and a

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Total Offense Level of 29, the Court having applied a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b). (Id.) The District Court sentenced Movant on July 16, 2012, to serve a total term of 97-months imprisonment, to be followed by a three-year term of supervised release. (Id., Document Nos. 108 and 111.) The District Court also imposed a $100 special assessment. (Id.)

On July 17, 2012, Movant filed a Notice of Appeal. (Id., Document No. 113.) In Movant's appeal, Mr. Carl E. Hostler[2] filed an Anders Brief stating that there was no meritorious issue for appeal "but questioning the district court's findings regarding the quantity of drugs attributable to Miller for sentencing purposes, the court's refusal to grant Miller a departure or variance based on his age and poor health, and whether Miller's sentence is unreasonably disparate when compared with the sentences of his co-conspirators." United States v. Miller, 508 Fed.Appx. 261 (4th Cir. 2013). Subsequently, Movant was advised by the Fourth Circuit Court of Appeals of his right to file a *pro se* supplemental brief. Id. Movant, however, failed to file such a brief. Id. On February 1, 2013, the Fourth Circuit Court of Appeals affirmed Movant's conviction and sentence. Id. Movant did not file a petition for certiorari in the United States Supreme Court.

On March 7, 2014, Movant, acting *pro se*, filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil No. 3:14-11818, Document No. 134.) As grounds for *habeas* relief, Movant argues that trial counsel was ineffective based upon the following: (1) Trial counsel "did not properly investigate the facts of the case, interview the witnesses, or file any substantive pre-trial motions;" (2) Trial counsel "did not properly negotiate the plea agreement;" (3) Trial counsel "failed to object to the

---

[2] Mr. Hostler represented Movant throughout his underlying criminal proceedings.

Government's arguments during the sentencing hearing;" (4) Trial counsel "failed to inform the Court that the Defendant was never found to be in possession of any controlled substance;" and (5) Trial counsel "had an inherent conflict of interest in representing the defendant on appeal." (Id.)

On November 3, 2014, Movant, acting *pro se*, filed a Motion for Modification of Sentence pursuant to 18 U.S.C. § 3582. (Criminal Action 3:11-00164, Document No. 139.) By Memorandum Opinion and Order entered on October 1, 2015, the District Court reduced Movant's sentence from 97 months to 78 months based upon a retroactive amendment to the Sentencing Guidelines. (Id., Document Nos. 147 - 148.)

## **DISCUSSION**

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or law of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, 2006 WL

36859, * 2 (E.D.Va. Jan. 4, 2006).

The filing of a Section 2255 motion does not supplant or obviate the need to file a direct appeal. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). The United States Supreme Court explains that "a final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). A non-constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion. Stone v. Powell, 428 U.S. 465, 478 fn. 10, 96 S.Ct. 3037, 3044 fn. 10, 49 L.Ed.2d 1067 (1976). A constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion unless the movant can show either (1) "cause and actual prejudice resulting from the errors of which he complains," or (2) "he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. at 493. Actual prejudice is shown by demonstrating that the error worked to movant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986)). "In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. Mikalajunas, 186 F.3d at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual

factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent. Id. at 494. The movant must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Furthermore, a movant may not reassert a claim decided on direct review. In Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), cert. denied, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. See Davis v. United States, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974).

**1.      Ineffective Assistance of Counsel:**

Indigent criminal defendants have the constitutional right to effective assistance of counsel through direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional

assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result

unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

### A. Counsel's alleged misrepresentation regarding pre-trial investigation.

In his Motion, Movant argues that trial counsel was ineffective in failing to "properly investigate the facts of the case, interview the witnesses, or file any substantive pre-trial motions." (Civil Action: 3:14-11818, Document No. 134.) A movant must make specific allegations establishing reason to believe that, if the facts are fully developed, he is entitled to relief. United States v. Roane, 378 F.3d 382, 403 (4th Cir. 2004). Movant, however, fails to explain how trial counsel was ineffective in failing to file pre-trial motions, conduct an investigation, and interview witnesses. Additionally, Movant fails to allege how counsel's above alleged failures resulted in prejudice. The undersigned further notes that contrary to Movant's assertion that no "substantive pre-trial motions" were filed by trial counsel, the record reveals that trial counsel filed a Motion to Suppress. (Criminal Action No. 3:11-00164, Document No. 68.)

Furthermore, a review of the transcripts from the Plea Hearing reveals that the District Court thoroughly reviewed the terms of the plea agreement and questioned Movant concerning his satisfaction with counsel. (Criminal No. 3:11-00164, Document No. 119, pp. 5 - 7.) Specifically, the District Court inquired as follows:

> Q. Mr. Miller, have you talked with Mr. Hostler about your concern over who was going to represent you?
>
> A. Yes, sir.
>
> Q. And Mr. Hostler just told me that that's been taken care of and you're satisfied to have him remain as your counsel. Is that true?

> A. Yes, sir.
>
> Q. All right. And then do you understand that you've now apparently entered into a plea agreement and so the Court would proceed to hear and consider a guilty plea on your behalf; and as a result, that would cause the motion to suppress to be denied as moot, as unnecessary? Do you understand that?
>
> A. Yes, sir.
>
> * * *
>
> Q. . . . Now, have you had enough time to talk about your case with your lawyer?
>
> A. Yes.
>
> Q. Has he been able to answer your questions about what you should do?
>
> A. Yes, sir.
>
> Q. Are you completely satisfied with the legal advice he's given you?
>
> A. Yes, sir.

(Id.) "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221 - 222 (4th Cir. 2005). Movant has failed to show extraordinary circumstances. Additionally, Movant verified during the Plea Hearing that he was pleading guilty because he was in fact guilty of the charge contained in Count One of the Indictment. (Criminal Action No. 3:11-00164, Document No. 119, p. 16.) Based on the foregoing, the undersigned finds that Movant's above claim of ineffective assistance of counsel is without merit.[3]

---

[3] Additionally, the undersigned notes that a voluntary and intelligent guilty plea constitutes a

**B.     Counsel's alleged failure to properly negotiate the plea agreement.**

Citing Missouri v. Frye, ___ U.S. ___, 132 S.Ct. 1399, 183 L.Ed.2d 379 (2012) and Lafler v. Cooper, ___ U.S. ___, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), Movant alleges that trial counsel was ineffective in failing to "properly negotiate the plea agreement." (Civil No. 3:14-11818, Document No. 134.) Again, Movant has failed to make specific allegations establishing reason to believe that, if the facts are fully developed, he is entitled to relief. Roane, 378 F.3d at 403. Movant does not explain how counsel failed to "properly negotiate the plea agreement." Further, Movant fails to allege how counsel's above failure resulted in prejudice. Movant's conclusory allegation that the foregoing resulted in ineffective assistance of counsel is insufficient. In Frye, the United States Supreme Court "held that a component of the Sixth Amendment right to counsel in the plea bargaining context is that counsel has a duty to communicate any offers from the Government to his client." United States v. Ray, 547 Fed.Appx. 343, 345 (4th Cir. 2013)(citing Frye, ___ U.S. at ___, 132 S.Ct. at 408). In order to show prejudice from ineffective assistance of counsel, "a defendant must show the outcome of the plea process would have been different with competent advice." Frye, ___ U.S. at ___, 132 S.Ct. at 1409. In Lafler, the Supreme Court "held that the Sixth Amendment right to counsel applies to the plea bargaining process and that prejudice occurs when, absent deficient advice, the defendant would have accepted a plea deal that would have been provided by the court, and that "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." Ray, 547 Fed.Appx. at

---

waiver of all claims relating to non-jurisdictional error that occurred prior to the plea, including claims relating to alleged constitutional deprivations. *United States v. Partlow*, 301 Fed.Appx. 297 (4th Cir. 2008), citing *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *also see United States v. McCleary*, 112 F.3d 511 (4th Cir. 1997)(unpublished).

Case 3:14-cv-11818 Document 150 Filed 09/30/16 Page 10 of 17 PageID #: 40


344-45(citing Lafler, ___ U.S. at ___, 132 S.Ct. at 1385). Movant's reliance on Frye and Lafler is misplaced. Unlike the defendants in Frye and Lafler, Movant does not allege that there was a plea offer that was not communicated by counsel or that he rejected a plea offer based on the advice of counsel.[4] See Maddox v. United States, 2013 WL 3878736, * 6 (N.D.W.Va. July 25, 2013)("[T]he *Lafler* decision has no true application to the instant case because the petitioner did not reject a plea offer on advice of counsel and proceed to trial. In addition, unlike the defendant in *Frye*, the petitioner herein did not have a plea agreement or plea offer that was not communicated by counsel.") Accordingly, the undersigned finds that Movant's conclusory allegation that trial counsel was ineffective in failing to "properly negotiate the plea agreement" is without merit.

## C. Counsel's alleged failure to inform the Court that Movant did not possess drugs:

In his Motion, Movant argues that trial counsel was ineffective in failing to "inform the Court that the Defendant was never found to be in possession of any controlled substances." (Civil No. 3:14-11818, Document No. 134.) Again, Movant has failed to explain how the counsel's alleged failure resulted in prejudice. To the extent Movant is claiming that there was an insufficient factual basis for his guilty plea, the undersigned will briefly consider his claim. A review of the record reveals that during the Plea Hearing, Movant acknowledged that he understood the charges contained in the Indictment and the essential elements of the offense.

---

[4] In *Lafler*, the Supreme Court noted that *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), should be applied "when evaluating the petitioner's claim that ineffective assistance led to the improvident acceptance of a guilty plea." *Lafler*, ___ U.S. at ___, 132 S.Ct. at 1384-85("In contrast to *Hill*, here the ineffective advice led not to an offer's acceptance, but to its rejection."). Movant, however, does not allege that there was a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

(Criminal No. 3:11-00164, Document No. 119, pp. 15 - 16.) Specifically, the District Court informed Movant that "'to distribute' means to deliver or transfer possession or control of something from one person to another." (Id., p. 16.) The District Court then inquired whether Movant believed he was guilty of the charge in Count One and Movant responded "Yes, sir." (Id.) The District Court then required Movant to tell the Court in his own words what he done to make himself guilty of Count One. (Id., pp. 16 - 21.) Movant specifically acknowledged that on one occasion he knowingly transported Maurice Jackson to a location for the purpose of selling oxycodone to someone. (Id.) Movant further acknowledged that on a separate occasion he transported Dwaine Jackson and Debrina Wallick to a location for the purpose of selling oxycodone. (Id.) Movant further agreed to the Stipulation of Facts attached to the Plea Agreement and acknowledged that he committed the essential elements of the offense contained in the Indictment. (Id., Document No. 95, pp. 7 - 8 and Document No. 119, pp. 16 - 21.) The undersigned therefore finds that trial counsel did not act ineffectively by failing to argue that Movant did not possess the oxycodone pills because there was an adequate factual basis to support Movant's guilty plea. Based upon the foregoing, the Court finds that Movant cannot show that trial counsel's performance was deficient, or that there is a reasonable probability that but for counsel's alleged failure, the results of the proceeding would have been different. Accordingly, Movant's above claim of ineffective assistance of counsel is without merit.

    **D. Counsel's alleged misrepresentation regarding sentencing.**

In his Motion, Movant argues that trial counsel acted ineffectively by failing "to object to the Government's arguments during the sentencing hearing." (Civil No. 3:14-11818, Document No. 134.) Specifically, Movant argues that trial counsel "allowed the Government to argue there

was as much as 10,000 oxycodone pills that were distributed as part of a conspiracy." (Id.) During the Plea Hearing, the District Court specifically questioned Movant concerning the factual basis supporting his guilty plea. (Criminal No. 3:11-00164, Document No. 119, pp. 15 - 21.) The District Court further heard testimony from DEA Special Agent Wren Ray. (Id., pp. 21 - 27.) Specifically, the following testimony was presented to the Court:

> Q. Now, Agent Ray, the focus of this investigation was the street-level distribution of oxycodone; is that correct?
>
> A. That is correct.
>
> Q. And during the course of this investigation, you developed information that Mr. Miller was involved in such distributions with certain individuals, including Dwaine Jackson, Maurice Jackson, and Uniqueka Wallick?
>
> A. That is correct.
>
> \* \* \*
>
> Q. Dwaine Jackson has since been interviewed regarding this matter; is that correct?
>
> A. That is correct.
>
> Q. And he confirmed that he had been involved in transporting of oxycodone tablets from Detroit, Michigan - - the area of Detroit, Michigan to this area?
>
> A. That is correct.
>
> Q. And he further confirmed that he would utilize Mr. Miller as a means of making distribution in and around the Huntington area?
>
> A. That is correct.
>
> Q. You've also spoken to other individuals who have confirmed that they had purchased oxycodone pills from Mr. Miller during the time of this conspiracy?
>
> A. That is correct.

(Id., pp. 22 - 27.) Following the above testimony, the District Court specifically inquired of Movant whether the forgoing testimony was substantially correct and Movant answered in the affirmative. (Id., p. 28.) Contrary to Movant's argument, the record reveals that trial counsel did object to the drug quantity attributed to Movant. (Id., Document No. 120, p. 4.) In his Sentencing Memorandum, trial counsel first objected the Government's argument that Movant handled transactions involving at least 10,000 oxycodone pills. (Id., Document No. 106, p. 2.) Specifically, trial counsel argued as follows:

> The Government maintains that Floyd Miller handled transactions involving 10,000 pills or more. Mr. Miller submits that there is simply no way that he ever had $100,000 in profits. The crack habit limited Miller's reliability. He got "small" numbers of pills and still had difficulty in getting the money right. His co-defendant is working too hard on his own substantial assistance.

(Id.) During the Sentencing Hearing, trial counsel continued to object the amount of drugs attributed to Movant. (Id., Document No. 120, pp. 4 - 17.) The record reveals that the Government presented the testimony of Dwaine Jackson, who testified that he utilized Movant to distribute oxycodone pills from Detroit, Michigan to Huntington, West Virginia. (Id., pp. 4 - 14.) The Government, therefore, requested that an additional 3,301 of 80-milligram pills be attributed to Movant. (Id., p. 20.) The record, however, reveals that trial counsel thoroughly cross-examined Mr. Jackson concerning the drug amounts and his credibility. (Id., pp. 15 - 17.) Trial counsel further questioned Mr. Jackson regarding the likelihood that he would have trusted Movant with such a large number of oxycodone pills. (Id., pp. 15 - 17.) Specifically, trial counsel questioned Mr. Jackson as follows:

> Q. Now, you knew Floyd Miller for approximately two years, correct?
> A. Yes.
> Q. And you knew him to be a common user of crack cocaine; is that correct?

> A. I've never seen him use crack cocaine. I've heard of his use of cocaine.
>
> Q. And at times he helped your mother-in-law, Shirley, obtain some crack cocaine, did he not?
>
> A. I wouldn't know. That would be hearsay if I said so. I never seen it.
>
> Q. In terms of any of the transactions that you directly had with Mr. Miller, did Floyd ever have difficulty in getting the money to you?
>
> A. No, he never had difficulty getting the money to me.
>
> Q. Not once?
>
> A. There's been occasions where I haven't gotten money for pills he'd gotten from me.
>
> Q. And if Mr. Miller was off on a crack binge, he was difficult to find, wasn't he?
>
> A. Yes, sir.
>
> Q. Do you know a person in the Huntington area named Dirty, nicknamed Dirty?
>
> A. Yes, I've heard that name. Yes.
>
> Q. And you sold him a lot of pills, didn't you?
>
> A. Yes, I have sold pills to him.
>
> Q. And, in fact, he took just about all the pills that you could get here, did he not?
>
> A. Between the two of them, between Mr. Miller and Dirty, it was, like, half, you know. They would basically deal with whoever got them first.

(Id.) Finally, trial counsel argued that Mr. Jackson's testimony was unreliable and he was "working hard for substantial assistance and working a little too hard." (Id., p. 21.) Based upon the foregoing, the undersigned finds that Movant cannot show that trial counsel's performance

was deficient, or that there is a reasonable probability that but for counsel's alleged failure, the results of the proceeding would have been different. The undersigned, therefore, finds that Movant's above argument of ineffective assistance of counsel should be dismissed.

### E. Appellate counsel's alleged conflict of interest.

In his Motion, Movant alleges that trial counsel "had an inherent conflict of interest in representing the defendant on appeal." (Civil No. 3:14-11818, Document No. 134.) As stated above, Movant must make specific allegations establishing reason to believe that, if the facts are fully developed, he is entitled to relief. Roane, 378 F.3d at 403. Movant, however, does not explain how counsel how "had an inherent conflict of interest." Further, Movant fails to allege how counsel's representation resulted in prejudice. Movant's conclusory allegation that "an inherent conflict of interest" resulted in ineffective assistance of counsel is insufficient. Accordingly, Movant has failed to state a claim of ineffective assistance of counsel.

To the extent Movant is alleging that he wished to assert an ineffective assistance of counsel claim on direct appeal, such a claim is inadequate to establish a claim of ineffective assistance of appellate counsel in the instant case. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). In the instant case, the undersigned finds that the record does not conclusively establish ineffective assistance of counsel. Thus, any claim of ineffective assistance of counsel would not have been cognizable on direct appeal. Furthermore, Movant was advised of his right to file a supplemental brief pursuant to Anders wherein he could have asserted any additional ground for appeal, but Movant failed to do so. Based upon the foregoing, the undersigned finds that Movant cannot show that appellate

counsel's performance was deficient, or that there is a reasonable probability that but for counsel's alleged failure, the results of the proceeding would have been different. Accordingly, Movant above claim of ineffective assistance of counsel should be dismissed.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 134) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct.

466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

    The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

    Date: September 30, 2016.

Omar J. Aboulhosn
United States Magistrate Judge